FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 19 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

TEDDY RACKS,

                          Plaintiff,

            -against-

THE CITY OF NEW YORK, DETECTIVE JELSON
GOYCO, POLICE OFFICER JUAN LEONBRAVO,
POLICE OFFICER JOHN DOE 1-3.

                          Defendants.

------------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

CV 10 - 4784

GERSHON, J
MANN, M.J.

### PRELIMINARY STATEMENT

1.     This is a civil rights action, alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Six Amendments to the United States Constitution. Specifically, plaintiff alleges that, on August 10, 2010, defendants falsely arrested him, used excessive force and made false allegations about him to the Kings County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

### JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.     Venue is proper here pursuant to 28 U.S.C. § 1391 because the acts in question occurred in Kings County. Moreover, the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

4.  Plaintiff is a resident of the State of New York.

5.  The City of New York is a municipal corporation organized under the laws of the State of New York.

6.  Jelson Goyco, Juan Leonbravo and John Does (the "officers") are New York City Police Officers who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. Goyco, Leonbrava and the Does are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

7.  On August 10, 2010, at approximately 6:45 a.m. plaintiff received a phone call informing him that his brother, Lamar Racks, had fallen from a fourth story window and was gravely injured. Plaintiff ran outside to find his brother on the ground, with grotesque injuries to his head, torso and legs. Lamar Racks was surrounded by a number of police officers.

8.  When plaintiff informed the officers that he was the brother of the injured man, the officers invited plaintiff to come forward and comfort his brother.

8.  Plaintiff, aware that his brother was injured as a result of an interaction with police officers, began taking photos of his fallen sibling.

9.  At this point, an officer grabs plaintiff from behind, shoves plaintiff and places plaintiff in exceptionally tight handcuffs.

10. Plaintiff was then placed in a police vehicle and taken to the police precinct.

2

11. Plaintiff's designated "arresting officer" was Juan Leonbravo.

12. While plaintiff was incarcerated in the precinct, Goyco, pursuant to a conspiracy with other officers involved in plaintiff's arrest, prepared police reports which falsely stated that plaintiff committed the crime of Obstructing Governmental Administration and Resisting Arrest.

13. Plaintiff was taken to Kings Central Booking at around noon.

15. At around 11:30 a.m. on August 12, 2010, plaintiff appeared in Kings Criminal Court and received an ACD.

16. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation. Further, plaintiff experienced pain, numbness, and bruising from the punching.

### FIRST CLAIM
### (FALSE ARREST)

17. Plaintiff repeats the foregoing allegations.

18. No officer observed plaintiff commit a crime on August 10, 2010.

19. At no time on August 10, 2010 did plaintiff commit a crime.

20. Accordingly, defendants violated the Fourth Amendments because they arrested plaintiff without probable cause.

### SECOND CLAIM
### (UNREASONABLE FORCE)

21. Plaintiff repeats the foregoing allegation.

22. In the course of arresting plaintiff, the officers shoved plaintiff and handcuffed plaintiff in an unreasonably tight manner.

23. This use of force was objectively unreasonable.

24. Accordingly, defendants violated the Fourth Amendment because they used unreasonable force on plaintiff.

### THIRD CLAIM
### (FABRICATION OF EVIDENCE)

25. Plaintiff repeats the foregoing allegations.

26. Defendants, pursuant to a conspiracy, falsely stated to the Kings County District Attorney's Office that plaintiff had committed a crime.

27. Accordingly, defendants violated the Sixth Amendment for fabricating evidence against her and denying him a fair trial.

### FOURTH CLAIM
### (MONELL CLAIM)

28. Plaintiff repeats the foregoing allegations.

29. The City of New York, through a policy, practice and custom, directly cause the constitutional violations suffered by plaintiff.

30. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

4

      b.      Punitive damages in an amount to be determined by a jury;

      c.      Costs, interest and attorney's fees;

      d.      Such other and further relief as the Court may deem just and proper.

DATED:      October 18, 2010
                  New York, New York

_____
ROBERT MARINELLI
Attorney at Law
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427

5